**Not For Publication**                                            **CLOSED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH MOTEN, | : | |
| | : | Civil Action No. 05-1127 (FSH) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | August 1, 2005 |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**Hochberg, District Judge:**

Petitioner Joseph Moten ("Petitioner" or "Moten") filed this *pro se* motion to vacate, set aside, correct, amend, or modify his sentence, pursuant to 28 U.S.C. § 2255.  Petitioner claims he received ineffective assistance of counsel because his attorney (1) failed to object to the imposition of a three year period of supervised release; (2) failed to argue that possession of nine vials of cocaine was not a "felony offense"; and (3) failed to inform Petitioner that the 2K2.1(b)(5) enhancement required proof beyond a reasonable doubt.

   **I.     Factual Background**

On June 13, 2003, undercover officers with the Jersey City Police Department observed Moten dealing narcotics on Martin Luther King Drive in Jersey City.  Upon seeing the undercover officers, Moten attempted to flee into a nearby bar.  The officers pursued Moten into the bar.  During the search incident to arrest, the officers found a loaded Rugar P90, .45 caliber

semiautomatic handgun. The officers also retrieved nine clear vials of cocaine.

On November 3, 2003, Moten pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922 (g)(1). Moten further allocuted to possession with intent to distribute of nine vials containing cocaine, a Schedule II narcotic controlled substance. Accordingly, because Moten possessed the firearm in connection with another felony offense, Specific Characteristic § 2K2.1(b)(5) was applied for an increase of 4 levels, resulting in an Adjusted Offense Level of 28. The Petitioner then qualified for an adjustment for Acceptance of Responsibility of -3, leaving him with a final Adjusted Offense Level of 25. The plea agreement also advised Moten that he faced an additional two to three years of supervised release. Furthermore, the agreement stipulated that the sentence to be imposed was within the sole discretion of the sentencing judge, and that the United States Attorney's office made no representation as to which guideline range the judge would find applicable. On February 26, 2004, Moten was sentenced to 110 months imprisonment, with an additional term of three years supervised release.

## II.     Legal Standard

28 U.S.C. § 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255; see also Daniels v. United States, 532 U.S. 374, 377 (2001). A federal district

court must hold an evidentiary hearing on a Section 2255 only when the Petitioner raises an issue of material fact because the court would need to determine the truth of the allegations.  Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).  However, the defendant is not entitled to a hearing "if his allegations were contradicted conclusively by the record or if the allegations were patently frivolous."  Solis, 252 F.3d at 294.  Accordingly, the court must accept Petitioner's allegations as true unless those allegations are "clearly frivolous."  United States v. Day, 969 F.2d 39, 42 (3d. Cir. 1992); Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).

For the reasons discussed below, the Court finds that there is no need to hold an evidentiary hearing as the motion and record conclusively show that Petitioner is not entitled to relief.

**III.     Discussion**

**A.     Petitioner's Claim of Ineffective Assistance of Counsel**

Petitioner's claim of ineffective assistance on counsel rests of three assertions: counsel's failure to object to the three year supervised release, her failure to argue that possession of nine vials of cocaine is not a felony, and Petitioner's assertion that the enhancement was an element of the offense as opposed to a sentencing enhancement.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must meet the two-pronged test set out in Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  First, Petitioner must establish that counsel's performance was deficient because it fell below an objective standard of reasonableness.  Id. at 687-88.  Second, Petitioner must show he suffered "actual prejudice" from his counsel's performance.  Id. at 687.  In examining whether an

attorney's conduct meets the first part of the Strickland test, the court must determine whether, in light of all of the circumstances, "the identified acts or omissions were outside the range of professionally competent assistance." Id. at 690.  With regard to the second part of the test, the Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694; see also United States v. Day, 969 F.2d 39, 41 (3d Cir. 1992).  It is not enough for Petitioner to show that the errors had "some conceivable" effect on the outcome.  Id.  (citing United States v. Valenzuela-Bernal, 458 U.S. 858, 866-67 (1982)).  Petitioner must show a reasonable likelihood that additional information or specific actions by counsel would have led to a favorable result.  See Lewis v. Mazurkiewicx, 915 F.2d 106, 115 (3d Cir. 1990).  Moreover, judicial scrutiny of counsel's performance must be highly deferential for it is too easy to second guess counsel's assistance in hindsight.  Strickland, 466 U.S. at 690.  Petitioner must overcome the presumption that counsel's actions "might be considered sound strategy." Id. at 689-90.

Petitioner's first argument regarding his counsel's failure to object to the three year supervised release does not meet the first prong of the Strickland test because he has not demonstrated that his counsel was ineffective.  The signed plea agreement specifically advised Petitioner that he faced a period of two to three years of supervised release following his completion of any term of imprisonment imposed by the Court.  The plea agreement also advised Petitioner that his sentence is wholly within the discretion of the sentencing judge, who is not bound by the terms of the plea agreement.  Given the explicit nature of the plea agreement and the fact that the three year supervised release term was within the terms of that agreement, counsel's failure to object does not fall below an "objective standard of reasonableness." Id. at 687-88.

Petitioner's second claim is that his counsel erred in not arguing that possession of nine vials of cocaine is not a felony under state or federal law. This is obviously an incorrect assertion as possession of cocaine with intent to distribute vials of cocaine is a felony under both state, N.J.S.A. 2C:35-5, and federal law, 21 U.S.C. § 841.

Petitioner's final claim alleges that counsel failed to inform Petitioner that the 2K2.1(b)(5) enhancement is not a sentencing enhancement, but rather an essential element of the crime and therefore must be proven at trial beyond a reasonable doubt. Petitioner claims he would have insisted the government prove the enhancement beyond a reasonable doubt if had he been correctly informed of 2K2.1(b)(5)'s status. However, petitioner's assertion that the 2K2.1(b)(5) enhancement requires proof beyond a reasonable doubt is incorrect, and therefore his counsel did not err. See United States v. Hallam, 2005 WL 1149775, *5-6 (May 17, 2005) (upholding the application of 2K2.1(b)(5) as a sentencing enhancement supported by a preponderance of the evidence). Because the disputed enhancement ordering three years supervised release did not exceed the maximum statutory sentence of ten years, pursuant to 18 U.S.C. 922(g), evidence giving rise to the enhancement need only proof by a preponderance. Cf. Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that any factor increasing defendant's sentence beyond the statutory maximum must be proven beyond a reasonable doubt).[1] Accordingly, counsel's advice, consistent with the law, did not fall below the Strickland

---

[1] Petitioner was sentenced on February 26, 2004, prior to the Supreme Court decisions in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (June 24, 2004), and United States v. Booker, __ U.S. ___, 125 S. Ct. 738 (Jan. 12, 2005). Because neither Booker nor Blakely applies to cases on collateral review where the judgment was final before the opinions in those cases issued, Petitioner is not entitled to relief under either decision. Lloyd v. United States, 407 F.3d 608, 614-16 (3d Cir. May 17, 2005).

standard.

### IV.     Conclusion

For the foregoing reasons, this Court denies Petitioner's application to vacate, set aside, modify or correct the judgment of conviction and sentence imposed on him, pursuant to 28 U.S.C. § 2255.  An appropriate order will follow.


Dated: August 1, 2005                                                        /s/ Faith S. Hochberg
                                                                       Honorable Faith S. Hochberg, U.S.D.J.